Good morning, Your Honors. May the police court, my name is Ji-Hsien Lee and I represent the petitioner. In this case, the BIA assumes petitioner to be credible. However, the BIA found that a petitioner did not suffer past persecution and he does not show that he has a well-founded fear of future persecution. Counsel, let me just show you from the beginning since time is short. Where is the pattern of persecution here? In Mogollon, this court held an applicant must demonstrate a pattern of persecution closely tied to the applicant. What evidence in the record is it that the Chinese government subjected petitioner's family to a pattern based on religious belief? Because nothing happened to him when he got out. His father and sister remain in China unharmed. Where is the pattern? Well, Your Honor, the petitioner's past persecution is not based upon a pattern of persecution against the family members. It's based upon a combination of a whole host of factors such as what happened to himself and what happened to his mother in the past. Usually to show a pattern of persecution, that only relates to a showing of well-founded fear of past persecution, such as in Megania. Did I say the name right? The petitioner there did not suffer any physical harm to herself. She needs to show a pattern of persecution against her family, which she is a member of, to show that she has a well-founded fear of future persecution. But in this case... In the novelist's case, the court did hold, it can be a single act here, but here, although his wife died when they were in custody, he got out, nothing happened to him. His sister and father still live there. Where is the pattern? Oh, I don't think there is a pattern. There are some evidence in the background information showing that the Chinese government is cracking down on illegal gatherings by unregistered church members. But I don't think that there's a pattern of persecution. But what we are trying to show is that the petitioner suffered past persecution based upon what happened, based upon the fact... Let me ask you about that. These are always difficult cases, because there definitely usually has been some prior act of the government that is despicable or reprehensible. But we have situations, for example, in Gubi Gonzales, which is quite similar to here, where they talk about being detained and beaten on one occasion, which admittedly doesn't sound good. But there, the court said that that was insufficient to demonstrate past persecution. Why is this case distinguished? This case is clearly different from the Gou case. In Gou's case, first of all, what happened to the petitioner himself is more severe than what happened to Gou. In this case, the detention is two weeks, while in Gou, Gou was only detained for three days. And in this case, the petitioner was fined, while in Gou, Gou did not pay any monetary penalty. And in addition to what happened to the petitioner himself, in this case, the petitioner's mother was arrested. She was beaten while during her detention, and she eventually died. So maybe what happened to the petitioner himself, in isolation, in separation, would not rise to the level of past persecution. But you take all these incidents together and consider the cumulative effect of all these incidents, and that would certainly compel any fact finder to make a finding that the petitioner did suffer past persecution. Now, with respect to well-founded fear of future persecution, I think just that alone would warrant agreement to the BIA to comply with the procedure requirement under REN, because the sole reason for the BIA to deny petitioner's claim based upon a well-founded fear of future persecution is a lack of adequate cooperation. So under REN, if an immigration judge found that it is necessary for petitioner to produce additional evidence, petitioner must be given an opportunity to obtain those documents or explain the reason why those documents should be obtained. So in the minimum, this case should be remanded to the BIA, and then with the instruction to remand it to the IJA so that the petitioner can come up with all the required documents. Do we have a case that says where there has been a finding of adverse credibility that the REN doctrine still applies? It doesn't apply. If it involves adverse credibility, I think it's a reasonable case, but in this case it's different because the BIA assumes petitioner should be credible, so the one case is not applicable here. You want to reserve your remaining? Yes, thank you. Good morning. May it please the Court, this is Dana Camilleri for the Attorney General. In this case, he has not shown either past persecution or that he has a well-founded fear of future persecution based on his Christian activities. His testimony that he was detained by police officers for two weeks coupled with the death of his mother simply does not compel a finding of past persecution under this Court's case law. Counsel, could you distinguish for me the parent-child relationship here versus the spousal relationship in Navas? I believe in Navas it was his mother who was beaten, but I think Navas is distinguishable because Navas himself witnesses the three men leaving his aunt's house after presumably murdering her. They chase him, they try to shoot him, they then go looking for him at his mother's place when they beat her and tell her to tell her son that they will be looking for him. So the harm to the mom was directly linked to his activities. Here, although he was arrested with his mother, they were separated because the authorities apparently believed that she was the leader of this unregistered church gathering and she was treated differently and there's nothing in the record indicating that her treatment was directed at he. He was released from detention, he paid the fine, but there were no... It was the same conduct, wasn't it? I'm sorry, Your Honor? It's the same church service conduct that she's in prison for, correct? I believe they, he testified that they believed she was the leader and she was separated almost immediately from him and he stayed with the other church members. Right. So it's hard to say, it seems to me hard to say that it's not somehow part of the same nucleus of facts. They're all arrested, she's supposedly a leader, and in the end the mother is dead in detention, right? But I think the distinction is she's not detained because her son was at those underground religious proceedings, she's detained because of her own activities. He's asking us to impute the harm to his mother, to him, and even though it's unfortunate, obviously, that this occurred, there's no case law to support something like that. Is that because she was the leader? That's what he testified, that she was the leader and she was treated differently and he stayed with the other churchgoers. And when the, I think even in his testimony he testified that the police brought her home, brought her body home, that they were not interested in talking to him, that they were worried, and that they just wanted to get out of there. And after he's released from detention, he stayed for four months without any continuing contacts with police. So he doesn't appear to have been a sustained target of the police in China. He has family members who are still there. He does, and he also testified that his father continues to attend an underground church when he has the opportunity and he's had no further contact with authorities and neither has his sister. Which is part of actually also the well-founded fear analysis, it wasn't just based on corroboration, which is its own dispositive finding, it was also based on the fact that he has similarly situated relatives that remain safely in China and that he has no further contact with authorities. Are there any other questions? It appears not. Thank you. Thank you. Do you have time for a rebuttal, Mr. Li? Your Honour, to show a well-founded fear of future persecution, the petitioner only needs to show one in ten chance. It's not that, if we look at what happened, nothing has happened to the father and the sister since his departure from China. Then we look at what happened to his mother, that's certainly one of the factors that should be taken into account in assessing whether or not there is a future persecution. So therefore, if we look at the what happened to himself in the past, if we look at what happened to his mother in the past, and then coupled with what's in the record relating to the background information in China regarding the religious persecution, I think the court at least can find that there is a one in ten chance the petitioner will be persecuted if he goes back to China. If he goes back and continues to practice his religion. Thank you. Thank you both for your argument this morning. The case of Li versus Sessions is submitted.
judges: Schroeder, D.W. Nelson, McKeown